927 F.2d 1037
 Thomas L. FITZGERALD, a/k/a Robert Allen, Appellant,
v.
Sgt. M.E. PATRICK; C.W. Townesend, Officer of the Missouri
State Highway Patrol; C.E. Fisher, Superintendent of the
Missouri State Highway Patrol; T.L. Gray, Officer of the
Missouri State Highway Patrol; D.E. Holt, Officer of the
Missouri State Highway Patrol; T.R. Selvey, Officer of the
Missouri State Highway Patrol; S.T. Oglesby, Officer of the
Missouri State Highway Patrol; W.R. Petrus, Retired Officer
of the Missouri State Highway Patrol, Appellees.
 No. 90-1383.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1990.
Decided March 8, 1991.
 
 William D. Beil, Kansas City, Mo., for appellant.
 Theodore A. Bruce, Jefferson City, Mo., for appellees.
 Before LAY, Chief Judge, and BRIGHT, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Thomas Fitzgerald's pro se petition for rehearing is hereby denied. The officers' petition for rehearing is hereby granted. The suggestion for en banc rehearing is denied as moot. The opinion of this court dated December 13, 1990, is ordered vacated. This amended opinion is ordered to be filed.
 
 
 2
 Thomas Fitzgerald appeals a summary judgment in his 42 U.S.C. Sec. 1983 (1989), claim against several law enforcement officers. The district court granted the officers' summary judgment motion on the basis of qualified immunity. We affirm.
 
 BACKGROUND
 
 3
 Fitzgerald, using a gun, escaped from a Missouri county jail on June 19, 1985. He had been charged with three counts of armed robbery and armed criminal action. He alleges that he is innocent of these charges and only escaped to find evidence of his innocence. He hid from the police for a few weeks before staying at a trailer home in Odessa, Missouri. On July 4, apparently acting on a tip, members of the Odessa Police Department, the Lafayette County Sheriff's Office, and the Missouri State Highway Patrol went to the trailer to look for Fitzgerald. Fitzgerald hid in some nearby woods for a few hours to elude the police. He was hiding in a ditch when an officer came toward him. Believing that he had been discovered, Fitzgerald pointed a gun at the officer and told the officer to drop his shotgun. Fitzgerald handcuffed the officer and took him inside the trailer. Two cars of police officers pulled up outside the trailer and Fitzgerald, using the first hostage as a shield, made the other officers drop their weapons, handcuff themselves, and enter the trailer. Fitzgerald had a total of six hostages. The trailer was eventually surrounded and a standoff developed. Fitzgerald voluntarily released five of the hostages during the evening, leaving Highway Patrol Officer Denny Boss as the one remaining hostage. By this time the Highway Patrol's Special Emergency Response Team ("SERT") had surrounded the trailer. According to Fitzgerald, he told the police that he would surrender at daybreak. The police allege that Fitzgerald threatened to hurt Boss unless he was given another hostage by 2 a.m. Police negotiators spoke with Boss on the phone and developed a plan for Boss to escape. The police put some soda pop on the porch and Fitzgerald, staying in the doorway with a gun, had Boss go get it. Boss threw the pop at Fitzgerald and escaped. As Boss was running away, Fitzgerald's gun fired. Fitzgerald alleges it accidentally discharged as he dodged the pop and fell backward. The SERT officers thought Fitzgerald was firing at Boss. They allege that they returned cover fire, hitting Fitzgerald in the back of the head with a shotgun blast. Fitzgerald alleges that he was on the floor during this burst of gunfire and was unhurt by it. He then alleges that he ran away from the trailer until he met an officer and yelled "Don't shoot!" According to Fitzgerald, there was another round of gunfire, the officer ducked back around the corner and Fitzgerald ran back toward the trailer where he was shot in the back of the head.
 
 DISCUSSION
 
 4
 Fitzgerald filed this section 1983 complaint alleging that the state officers had used excessive force. Fitzgerald argues that the district court erred in granting summary judgment in favor of the state officers because a dispute regarding a material fact exists as to whether the state officers violated clearly established law. Fitzgerald argues that the state officers are not entitled to qualified immunity because they were not justified in using deadly force against him under the circumstances. He contends that when the evidence is viewed in the light most favorable to him it establishes that the officers continued to fire even though they knew Boss had escaped and that Fitzgerald had yelled "Don't shoot."
 
 
 5
 The district court held that under the clearly established law of Missouri the officers' use of deadly force was reasonable under the circumstances. Section 563.046 of the Missouri Revised Statutes states that:
 
 
 6
 A law enforcement officer in effecting an arrest ... is justified in using deadly force only
 
 
 7
 ....
 
 
 8
 (2) When he reasonably believes that such use of deadly force is immediately necessary to effect the arrest and also reasonably believes that the person to be arrested
 
 
 9
 (a) Has committed or attempted to commit a felony; or
 
 
 10
 ....
 
 
 11
 (c) May otherwise endanger life or inflict serious physical injury unless arrested without delay.
 
 
 12
 Mo.Ann.Stat. Sec. 563.046(3)(2)(a), (c) (Vernon 1979).
 
 
 13
 Law enforcement officers are justified in using deadly force in self defense or in defense of a third person if, under the circumstances, a reasonable person in similar circumstances would believe that it is necessary. We find that in this case, under either version of the facts, reasonable officers would have been justified in using deadly force because they could have reasonably believed that it was necessary under the circumstances. The officers knew that Fitzgerald was armed, he had threatened the hostages, Boss was attempting to escape, and a shot had been fired by Fitzgerald, either accidentally or on purpose. It was reasonable for the officers to assume that he was dangerous and to return cover fire to protect Boss and themselves. All of this occurred in a short period of time and life threatening measures were obviously warranted. Fitzgerald created the sudden peril to everyone's life.
 
 
 14
 The section 1983 claim was first filed by Fitzgerald on May 27, 1988. After he was assigned counsel, an amended complaint was filed on February 6, 1989. The state attorney general waited until December 11, 1989, before filing a motion for summary judgment based on qualified immunity of the various law enforcement officers. In the interim, counsel for Fitzgerald and for the state officers went ahead with discovery by taking many depositions. This time and expense could have been avoided if the attorney general would have filed its motion for summary judgment within a reasonable time after its answer. The purpose in moving for summary judgment, under the privilege of qualified immunity, is to avoid having government officers subjected to the expense and delay of discovery. See Harlow v. Fitzgerald, 457 U.S. 800, 808, 102 S.Ct. 2727, 2732-33, 73 L.Ed.2d 396 (1982).
 
 
 15
 In our earlier opinion, now vacated, we awarded deposition costs against the state officers and requested that the officers, who are all represented by the state attorney general's office, reimburse Fitzgerald's counsel. The attorney general, on petition for rehearing, justifies the long delay before moving for summary judgment on the ground that Fitzgerald joined and named additional law enforcement officers (originally sued as John Does) in a second amended complaint as late as September 20, 1989. The state attorney general also urges that it wished to obtain Fitzgerald's testimony under oath before moving for summary judgment. We believe the attorney general could have supported its claim of qualified immunity based on the pleadings filed, or at least with affidavits supporting a motion for summary judgment. However, it is not our task to intrude into the state attorney general's litigation strategy other than to urge the saving of unnecessary expenditures in in forma pauperis cases. We are satisfied, based on the belated filing of the second amended complaint and the naming of additional defendants, that the attorney general delayed its motion for summary judgment in good faith. We, therefore, vacate our order of costs.
 
 
 16
 Judgment affirmed.
 
 
 
 *
 The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation